Joseph A. Cox, S.
The testator, while a resident of New York, executed a will in 1904 and a codicil thereto in 1911. He died a resident of Rhode Island in 1912 and the aforesaid instruments were admitted to probate as his will in that State. A New York banking corporation became successor trustee under the will in 1918 by appointment of the then surviving trustees. An accounting was had in Rhode Island in 1948 and the accounts of the banking corporation and an individual trustee were settled by a decree made on February 7, 1949. The instant proceeding is brought by the corporation as sole surviving trustee for the settlement of its accounts for a period subsequent to June 21, 1948 and for construction of the will. Other issues have been raised by respondents but it has been stipulated that the construction question shall be disposed of as a preliminary issue.
Certain testamentary trusts have terminated and remainder interests therein are payable pursuant to a direction of the testator which he expressed in the following language: “to the Rector, Church Wardens and Vestrymen of St. Thomas’ Church in the City of New York, for the purpose of erecting and maintaining, in such place as they may select, a building or buildings for the care of persons suffering from tuberculosis, to be called the Scott Memorial Home.”
The parties interested in the construction of the quoted disposition recognize not only that advanced methods of treating tuberculosis patients no longer require the maintenance of special hospitals or sanitariums but that the funds available from the trusts herein would be inadequate to erect and maintain a building in compliance with the testator’s direction. Respondent St. Thomas’ Church contends that the remainder gift was intended by the testator as an absolute bequest to the church and the reference to the erection and maintenance of a home was a precatory expression not intended by the testator as a condition, limitation or enforcible restriction upon the bequest. The Attorney-General of New York opposes the position of the church and urges that the gift was solely for a charitable purpose and, if the precise objective of the testator cannot be attained, the cy pres doctrine should be applied in order to effectuate the purpose of the will.
*21 The fact that the testator was a resident of New York when he executed the instruments which comprise his will permits recourse to the law of the domicile of the testator at the time of the making of the will for the purpose of interpreting its text (Atkinson v. Staigg, 13 R. I. 725) and, while the essential legal effect of a testamentary disposition is governed by the law of the domicile of death, a gift in trust for charitable purposes may be validated if the terms of the gift comply with the law of the place where the gift is intended to take effect and is to be administered (4 Page, Wills [Lifetime ed.], § 1647; Hope v. Brewer, 136 N. Y. 126). Examination of the decisions indicates no apparent difference between the law of Rhode Island and the law of this State either in the recognition of charitable trusts or in the exercise of the cy pres power (Rhode Island Hosp. Trust Go. v. Williams, 50 R. I. 385). In this instance the court finds a clear expression of an intention to benefit persons suffering from tuberculosis and nothing in the testator’s language to indicate any purpose to benefit either the church corporation or to devote this particular fund to the advancement of the religious functions or objectives of the church. Although the purpose of the trust may not be accomplished in the precise manner described in the will, the gift will not fail if the will is expressive of a general charitable intent so as to permit exercise of cy pres powers (Industrial Nat. Bank v. Drysdale, 83 R. I.172; Matter of Potter, 307 N. Y. 504). The court finds such dominant charitable purpose to be prevailing in the language under consideration and it is held that the bequest to the church was for the charitable purpose of caring for and assisting persons suffering from tuberculosis, that, in order to accomplish the testator’s purpose insofar as possible under the prevailing circumstances, the fund shall be used for the care of persons suffering from respiratory and thoracic diseases and that such fund shall be identified as the Scott Memorial Fund. In the event the church shall be unable to execute the trust or shall be unwilling to accept the fund for such charitable purposes, the court will designate a method of paying the fund in order to attain the required result.
Proceed accordingly.